IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Terry Glenn Meeks, Jr., | ) | Civil Action No.: 8:09-3279-MBS-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Larry W. Powers, et al. | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff filed this prisoner civil rights action on December 22, 2009. Before the court is the Plaintiff's motion for a default judgment. (Dkt. #29.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a).

The Plaintiff contends that the Defendants' motions were due on or before April 24, 2010, a well as their response to his motion for summary judgment, and that as of May 3, 2010, no filing had been made by the Defendants. However, the Plaintiff is mistaken. On March 26, 2010, the undersigned granted the Defendants' motion for an extension of time in which to file their motions as well as their response to Plaintiff's motion for summary judgment. (Dkt. #22.)[1] The Defendants were given until April 24, 2010, to file any motions or response. On April 26, 2010, the Defendants filed their motion for summary judgment

---

[1]The Defendants' motion for the extension was filed March 26, 2010 (Dkt. # 20.)

and opposition to the Plaintiff's summary judgment motion. (Dkt. #29). While the Court has the authority to reject the Defendants' motion and opposition brief for such untimeliness, *see Kabacinski v. Bostrom Seating, Inc.*, 98 Fed. Appx. 78, 82 (3d Cir.2004) (affirming district court's rejection of an opposition brief that was filed two days late), it declines to do so in this case. In so ruling, however, the Court in no way condones the unexcused delay of the Defendants in filing their motion and opposition brief. Further, recognizing that the two-day delay has not resulted in any undue prejudice to the Plaintiff, the motion for default should be denied.

Based on the foregoing, it is recommended that the Plaintiff's Motion for Default (Dkt. # 29) be DENIED.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge

May 10, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).