IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Terry Glenn Meeks, Jr.,      ) | |
| ) | C/A No. 8:09-CV-3279-MBS |
| Plaintiff,      ) | |
| ) | |
| vs.      ) | |
| ) | **O R D E R** |
| Larry W. Powers, et al.,      ) | |
| ) | |
| Defendants.      ) | |
| ) | |

This matter comes before the court on Plaintiff Terry Glenn Meeks, Jr. ("Plaintiff")'s motion for default judgment. ECF No. 29. Plaintiff is a South Carolina State prisoner, currently in custody at the Evans Correctional Institution. On December 22, 2009, Plaintiff filed the instant civil rights action, alleging that while he was in custody at the Spartanburg County Detention facility, Defendants violated Plaintiff's due process rights and subjected him to cruel and unusual punishment. See Compl. 2, ECF No. 1.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. Shortly thereafter, the Magistrate Judge issued an order that advised Defendants that their dispositive motions would be due no later than 45 days after answers were filed. ECF No. 7 at 2. Plaintiff filed a motion for summary judgment on March 12, 2010. ECF No. 19. On March 26, 2010, Defendants filed a motion requesting the court grant "a 30 day extension of time . . . making dispositive motions due on or before April 24, 2010." ECF No. 20. The Magistrate Judge granted Defendants' motion through an order that provided, in its entirety:

For good cause shown, Defendants are hereby granted a thirty day extension of time

within which to file dispositive motions. Defendants' motions will now be due on or before April 24, 2010. Defendants' response to Plaintiff' Motion for Summary Judgment will also be due on or before April 24, 2010.

Order 1, ECF No. 22.

On April 26, 2010, Defendants filed their motion for summary judgment and response to Plaintiff's motion for summary judgment. ECF No. 25. As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on April 27, 2010, advising Petitioner of the summary judgment motion and dismissal procedures and the possible consequences if he failed to respond adequately. Roseboro Order, ECF No. 27. On May 4, 2010, Plaintiff filed the instant motion for default judgment, submitting that Defendants had failed to file a response to his motion for summary judgment. ECF No. 29.

On May 10, 2010, the Magistrate Judge issued a Report and Recommendation (the "R&R"), recommending that Plaintiff's motion for default be denied. ECF No. 33.[1] The Magistrate Judge first pointed out that Plaintiff was mistaken in asserting that Defendants had failed to file a response in opposition to Plaintiff's motion for summary judgment—they did so on April 26, 2010, in conjunction with their own motion for summary judgment. See ECF No. 25. However, those papers were not filed until two days after the April 24, 2010 deadline set by the Magistrate Judge's order—an order that granted Defendants' motion for an extension of time, in which Defendants specifically requested that their dispositive motions and response to Plaintiff's motion be due "on or before April 24, 2010." See Defs.' Motion for Extension 1, ECF No. 20. Nevertheless, the

---

[1] This R&R is the first of two R&Rs that the Magistrate Judge has issued in this case. The second R&R, issued on October 7, 2010, addresses the merits of both parties' motions for summary judgment. ECF No. 46. Objections to the second R&R are due by October 25, 2010.

2

Magistrate Judge found that Plaintiff suffered no prejudice as a result of the late filing and declined to reject Defendants' summary judgment and opposition papers. The Magistrate Judge therefore recommended that this court deny Plaintiff's motion for default judgment. See R&R 2, ECF No. 33.

On May 21, 2010, Defendants filed a limited objection to the R&R, in which they argue that their summary judgment and opposition papers were timely filed. ECF No. 37. Specifically, Defendants argue that, because April 24, 2010 was a Saturday, the Federal Rules of Civil Procedure provide that Defendants' papers were not actually due "until the end of the next day that is not a Saturday, Sunday, or legal holiday," which, in this case, was Monday, April 26, 2010. Id. at 2 (citing Fed. R. Civ. P. 6(a)(1)(c)). Defendants explain that they filed their objection "[o]ut of an abundance of caution," and "to clarify this point on the record," because the R&R "allowed for the possibility of rejecting Defendants' filing, which the District Court could potentially consider in deciding to adopt or reject the Magistrate's findings." Id. at 1–2. Plaintiff has not objected to the R&R.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made.

Defendants essentially take the position that Rule 6(a)(1)(c) trumps the plain language of the Magistrate Judge's Order granting Defendants' motion for an extension of time. The Magistrate Judge's order set the deadline for Defendants' dispositive motions and response to Plaintiff's motion for summary judgment as April 24, 2010—a deadline that Defenadnts themselves specifically requested in their motion for an extension. Rule 6(a) provides that, "[t]he following rules [set forth in subsections (1) through (4)] apply in computing any time period specified in these rules, in any

3

local rule or court order, or in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a) (emphasis added). The Magistrate Judge's order, however, did not require that Defendants compute a time period. It clearly stated that Defendants' papers were due on a date certain: April 24, 2010. Furthermore, Defendants' request for an extension specifically sought an extension to that particular date. Electronic filing enables parties to file papers at any time, day or night, including holidays and weekends. Defendants sought an extension to a Saturday deadline and the Magistrate Judge granted Defendants' request. Therefore, the court rejects Defendants' objection to the Magistrate Judge's finding that Defendants' papers were filed two days after they were due. However, the court agrees with the Magistrate Judge that, because Plaintiff suffered no undue prejudice as a result of the late filing, Defendants' papers shall be considered on their merits.

The court adopts the R&R and incorporates it herein by reference. Plaintiff's motion for default judgment is **DENIED**. ECF No. 29.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
October 18, 2010.